IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

KATHLEEN "KATHY" HILDEBRAND,

Plaintiff,

v.  No: 1:14-cv-01263

ENVIROSEAL TN, LLC and
INFINITY FINANCIAL SERVICES, LLC,
MARTY WHITE, and PETER FLORIO,

Defendants.

_____

ORDER GRANTING DEFAULT JUDGMENT AGAINST CORPORATE DEFENDANTS,
EXTENDING THE DISCOVERY DEADLINE, AND CONTINUING TRIAL SETTING
_____

On September 22, 2015, this Court granted the Defendants' attorney permission to withdraw from representation. (Docket Entry "D.E." 39.) In the same order, the Court advised the corporate Defendants that they could not represent themselves in this case. (*Id.*); *see Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d. Cir. 2007) ("[A] limited liability company . . . may appear in federal court only through a licensed attorney."). Therefore, the corporate Defendants were given thirty days to advise the Court of their new attorney's name. (D.E. 39.) The individual Defendants were instructed to advise the Court of either the same or whether they would be proceeding pro se. (*Id.*) Defendants, Marty White and Peter Florio, advised the Court, fifty-two days later, that they would represent themselves. (D.E. 40, 41.) The corporate Defendants did not advise the Court of their new counsel's identity.

After receiving no response, the Court entered an order directing the corporate Defendants to show cause by February 12, 2016, why default judgment should not be entered

1

against them for failure to comply with a court order. (D.E. 44.) The order specifically warned that failure to comply with that order could result in entry of default judgment. (*Id.*) Again, according to the Court's docket, no response has been filed.

*Law*

Federal Rule of Civil Procedure 16 provides, "[o]n motion or on its own, the court may issue any just orders, including [entry of default judgment under Rule 37(b)(2)(A)(vi)], if a party or its attorney: . . . (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1). Moreover, "[t]he [sanctioning] court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

In addition to the provisions of the Federal Rules of Civil Procedure, it is well established that a federal court has the inherent authority to grant default judgment when the circumstances warrant as much. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 47-50 (1991) (A primary aspect of [a federal court's] discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process."); *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304-06 (11th Cir. 2006) (upholding entry of default judgment as proper use of court's inherent authority where party failed to respond to court orders and failed to appear before the court); *Sparton Engineered Prods., Inc. v. Cable Control Techs., Inc.*, 178 F.3d 1296 (6th Cir. 1999) (upholding a district court's entry of default judgment against the defendant for refusing to participate in the defense); *see also Dell, Inc. v. Advicon Computer Servs., Inc.*, No. 06-11224, 2007 WL 2021842, at *5 (E.D. Mich. July 12, 2007) ("[I]t is well-established that a federal court has the inherent authority to . . . enter default judgment . . . based on a party's failure to obey court orders in general . . .

when the circumstances warrant as much."), *aff'd Dell, Inc. v. Elles*, No. 07-2082, 2008 WL 4613978 (6th Cir. June 10, 2008).

In determining whether default judgment is an appropriate sanction, the Court considers four factors. *Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988), *superseded on other grounds by statute, as stated in Gamby v Equifax Info. Servs., LLC*, No. 06-11020, 2009 WL 142751 (E.D. Mich. Jan. 9, 2009). These factors are: (1) whether the failure to comply was based on inability or willfulness, bad faith, or fault; (2) whether the adversary party has been prejudiced; (3) whether the sanctioned party was on notice that noncompliance could lead to an ultimate sanction; and (4) whether lesser sanctions are appropriate. *See Bank One v. Abbe*, 916 F.2d 1067, 1079 (6th Cir. 1990) (applying the *Regional Refuse* factors to default).

In the instant matter, the Court finds that the corporate Defendants' noncompliance with the Court's orders were willful. They failed to respond to both the Court's order directing them to advise the Court of their new attorney's name and the Court's show cause order, despite the individual Defendants having acknowledged the same. (D.E. 40, 41.) Peter Florio was the agent registered for service of process for both of the corporate Defendants. (D.E. 1-2 at 1, 1-3 at 1.) Second, the Plaintiff was prejudiced because of the time and money expended as a result of the delay. Specifically, mediation was delayed almost three months (D.E. 36), and the case has been delayed as result of the corporate Defendants' inaction. Third, the Court warned the corporate Defendants that the consequences of failing to comply with its orders could result in entry of default judgment against them. (D.E. 44.) Fourth, lesser sanctions would not be effective. The corporate Defendants have given no indication that they intend to comply with, or even

3

acknowledge, the Court's orders. Accordingly, the Court concludes Plaintiff's request for a default judgment is GRANTED.

As the corporate Defendants' noncompliance was not substantially justified, *see* Fed. R. Civ. P. 16(f)(2), they are ordered to pay reasonable attorneys' fees for the work performed by Plaintiff's counsel associated with filing the motion for sanctions. The Scheduling Order is amended to extend the discovery deadline until April 29, 2016; the trial date, previously set for May 16, 2016, is continued. The Court will issue a separate Notice of Setting.

IT IS SO ORDERED this 1st day of March, 2016.

    s/ J. DANIEL BREEN
    CHIEF UNITED STATES DISTRICT JUDGE