IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

Kathleen Hildebrand,

    Plaintiff,                                                                    No: 14-1263

    v.

EnviroSeal TN, LLC,
Infinity Financial Services, LLC,
Marty White, and Peter Florio

    Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND REFERENCE TO THE MAGISTRATE JUDGE FOR DETERMINATION OF ATTORNEY'S FEES**

The Plaintiff, Kathleen Hildebrand, filed a complaint against the Defendants, Enviroseal TN, LCC, Infinity Financial Services, LLC, Marty White, and Peter Florio, for violation of the Fair Labor Standards Act on October 7, 2014. On September 22, 2015, the Court granted Defendants' attorney's request to withdraw from representation. (Docket Entry ("D.E.") 39.) In the same order, the Court advised the corporate Defendants that, pursuant to relevant law, they could not represent themselves in this case, and they were given thirty days to advise the Court of their new attorney's name. (D.E. 39.) The individual Defendants were instructed to advise the Court of either the same or whether they would be proceeding *pro se*. (*Id.*) Defendants, Marty White and Peter Florio, advised the Court, fifty-two days later, that they would represent themselves. (D.E. 40, 41.) However, the corporate Defendants did not advise the Court of their new counsel's identity. Accordingly, the Court granted default judgment against Enviroseal TN, LLC and Infinity Financial Services, LLC on March 1, 2016. (D.E. 45.)

On April 18, 2016, Plaintiff filed a motion for sanctions requesting that default judgment be entered against the individual Defendants for failure to cooperate with the discovery process. (D.E. 49.) The Defendants have not responded to the motion and, in fact, have not communicated with the Court since November, 2015.[1] The following facts were adduced from Hildebrand's motion for sanctions. (D.E. 49-1.) Plaintiff scheduled depositions of White and Florio on April 12, 2016. ( *Id.* 3.) Notices were served on March 28, 2016, both through the Court's ECF system and via first class mail to the Defendants' address listed with the Court, 20 Whisper Creek Drive, Jackson, Tennessee, 38305. (*Id.*) Neither White nor Florio appeared at the indicated place and time. (*Id.*) Transcripts were provided to the Court that memorialize these attempted depositions. (D.E. 42-2, 42-3.)

Federal Rule of Civil Procedure 37(b)(2)(A)(vi), (C) provides that

(A) [i]f a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

\*\*\*

(vi) rendering a default judgment against the disobedient party;

\*\*\*

(C) Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

---

[1] The Court set a telephone status conference to take place on May 9, 2016. (D.E. 48.) Following standard Court procedure for *pro se* litigants, notice of the conference was issued March 31, 2016, via certified mail sent to the address the Defendants had provided to the Court. (D.E. 48.) These certified letters were returned as undeliverable by the United States Postal Service. (D.E. 50, 51.) No forwarding address for White and Florio was available. Thus, the status conference was canceled. (D.E. 52.)

Fed. R. Civ. P. 37(b)(2)(A)(vi), (C).

In addition to the provisions of the Federal Rules, it is well established that a federal court has the inherent authority to grant default judgment when the circumstances warrant. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 47-50 (1991) ("A primary aspect of [a federal court's] discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process."); *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304-06 (11th Cir. 2006) (upholding entry of default judgment as proper use of court's inherent authority where party failed to respond to court orders and failed to appear before the court); *Sparton Engineered Prods., Inc. v. Cable Control Techs., Inc.*, 178 F.3d 1296 (6th Cir. 1999) (upholding a district court's entry of default judgment against the defendant for refusing to participate in the defense).

In determining whether default judgment is an appropriate sanction, the Court considers four factors: (1) whether the failure to comply was based on inability or willfulness, bad faith, or fault; (2) whether the adversary party has been prejudiced; (3) whether the sanctioned party was on notice that noncompliance could lead to an ultimate sanction; and (4) whether lesser sanctions are appropriate. *See Bank One v. Abbe*, 916 F.2d 1067, 1079 (6th Cir. 1990).

In the instant matter, the Court finds that the Defendants' noncompliance with the discovery process was willful. Both White and Florio failed to appear at their scheduled depositions. (D.E. 46, 47.) No explanation for their absence has been offered by the Defendants, as they have not communicated in any way with the Court. However, they were on notice that depositions were to take place and of their obligation to assist with discovery. Second, the Plaintiff was prejudiced because of the time and money expended as a result of the delay—both in discovery and in general. For example, the trial was set to begin on May 16, 2016. As of that same date, it was apparent that the case has not progressed past the discovery phase. Thus,

White and Florio's actions have served to protract and obstruct the progress of the litigation. Third, the Defendants were on notice that a failure to comply with the Court's order could result in entry of default judgment. (D.E. 44, 45.) The corporate Defendants, for which Florio and White were officers, were sanctioned by the entry of default judgment less than three months ago for their failure to comply with the Court's orders. (D.E. 45.) Fourth, lesser sanctions would not be effective. The Defendants have given no indication that they intend to comply with, or to even acknowledge, the Court's orders, and have failed to provide the Court a reliable method with which to contact them. Accordingly, the Court GRANTS Hildebrand's request for sanctions in the form of default judgment.

As White and Florio's noncompliance is not substantially justified, *see* Fed. R. Civ. P. 37 (c), they are ordered to pay reasonable attorneys' fees for the work performed by Plaintiff's counsel associated with this action, including but not limited to, fees associated with filing the instant motion. The amount of reasonable fees shall be made by Magistrate Judge Bryant to whom that issue is REFERRED for determination.

IT IS SO ORDERED this 17th day of May, 2016.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE